**Opinion issued August 15, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00388-CR

————————————

## HARRINSON ESTUPINAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1505492**

---

## MEMORANDUM OPINION

Appellant, Harrinson Estupinan, pleaded guilty to the felony offense of aggravated robbery with a deadly weapon. TEX. PENAL CODE § 29.03(a). In return for Estupinan's plea, the State recommended a punishment cap of ten years' confinement in the Texas Department of Criminal Justice. *See Chavez v. State*, 183

S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that agreement to cap on punishment is plea bargain for purposes of Rule of Appellate Procedure 25.2). Estupinan signed the plea bargain which also contained the statement that accepting the plea bargain meant that he waived his right to appeal. After a presentence investigation hearing, the trial court signed a judgment of conviction imposing a sentence of five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Estupinan filed a notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). This is a plea-bargain case, and appellant also waived the right to appeal. The trial court's certification is included in the record on appeal and states that appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because Estupinan has no right of appeal, we must dismiss this appeal. *See Chavez*, 183 S.W.3d at 680 ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish.  Tex. R. App. P. 47.2(b).